**William G. Blair**, OSB 69021
Senior Assistant County Counsel
Bill_Blair@co.washington.or.us
155 N. First Ave., Suite 340 – MS 24
Hillsboro, OR 97124-3072
Phone (503) 846-8747
Fax (503) 846-8636
Attorney for Defendant
     Washington County

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **TIMOTHY HOLSTEIN**, <br>                        Plaintiff, <br>       v. <br> **B.I., INC.**, *et al.* <br>                        Defendants | No. CV.03-1397 MO <br><br> **DEFENDANT WASHINGTON COUNTY'S CONCISE STATEMENT OF MATERIAL FACTS** |

Defendant Washington County, in support of its motion for summary judgment, offers the following concise statement of uncontested material facts:

1. On June 19, 2003, in the Circuit Court of the State of Oregon for Washington County, plaintiff entered a plea of "no contest" to the crimes of Assault in the Fourth Degree and Sexual Abuse in the Third Degree. Sentence was suspended on conditions, *inter alia*, of probation for a period of three years, and service of 90 days in custody. <u>State of Oregon v. Timothy Robert Holstein</u>, Washington County Circuit Court Docket No. D0301273M. [Affidavit of William G. Blair, Exhibit 1].

2. On June 20, 2003, while he was in custody awaiting disposition of his charges, plaintiff was accepted for placement in electronic home detention ("EHD") as an inmate of the Washington County Jail. [Affidavit of Matt Armstrong].

3. One of the conditions of plaintiff's EHD was that he submit to breath alcohol testing by means of a device supplied by defendant BI, Inc., known as a "Sobrietor." On June 20, 2003 plaintiff was provided and signed a receipt for "Procedures for Alcohol Testing." [Affidavit of Matt Armstrong, Exhibit 1]

4. Plaintiff signed a "Transfer of Custody Agreement" on June 21, 2003. That document acknowledged that plaintiff had been transferred to EHD and that he remains under the custody and supervision of the Washington County Sheriff's Office. Plaintiff further acknowledged in that document that the Washington County Sheriff's Office could modify or revoke the agreement and his custody status within their discretion. [Affidavit of Matt Armstrong, Exhibit 2]

5. Plaintiff, on June 19, 2003, and his parents with whom he lives, signed a "Washington County Jail Electronic Home Detention Consent to Search." By the terms of that consent to search, plaintiff and his parents consented to allow the Washington County Sheriff's Office, or any other law enforcement agency, search their premises at any time without a warrant and without probable cause. [Affidavit of Matt Armstrong, Exhibit 3]

6. On June 20, 2003, plaintiff signed a "CCC and EHD Returns Statement of Understanding" by which he acknowledged that work credit for participation in the EHD program would range from one to ten days for each 30 days served, and that any more than one day work credit is at the discretion of the EHD staff. [Affidavit of Matt Armstrong, Exhibit 4]

7. On June 20 or 30, 2003, plaintiff signed a "Washington County Electronic Home Detention Program Conditions of Agreement" by which he agreed to abide by all program rules, and acknowledged that he remained an inmate of the Washington County Jail while in electronic home detention. [Affidavit of William G. Blair, Exhibits 2 and 3]

8. On Wednesday, July 30, 2003, at 7:37 PM the electronic home monitoring equipment installed in plaintiff's home notified him to take a Sobrietor breath test. The test result was positive for breath alcohol, and the monitoring equipment signaled plaintiff to take a second test at 7:42 PM. The second test result was also positive for blood alcohol, and the BI, Inc. system notified Washington County EHD staff of the two test results. The first test showed 0.021 percent blood alcohol content; the second showed 0.040 percent blood alcohol content[Affidavit of Matt Armstrong, Exhibit 5]

9. On Thursday, July 31, 2003 Deputy David Bailey, the designated EHD deputy for the Washington County Jail, and his backup, Deputy Matt Armstrong, saw the BI, Inc. report of the two positive breath alcohol tests of the previous day. They waited until the early morning of August 1, 2003 to go to plaintiff's home and return him to the Washington County Jail. Plaintiff denied having had any alcohol, and blamed the positive result on having eaten pepperoni pizza. [Affidavit of William G. Blair, Exhibit 4; Affidavit of Matt Armstrong]

10. On his return to the jail, plaintiff was classified as a medium security risk and placed in the high-security housing pod. Deputy Bailey wrote a report charging plaintiff with three inmate rule violations: Possession of dangerous contraband (alcohol), false statement (denial of having consumed alcohol), and worker nonperformance (violation of his EHD program conditions). [Affidavit of William G. Blair, Exhibit 4]

11. All three charges were automatically placed before the Washington County Jail Hearings Officer for review, and after the hearings officer's finding of "not guilty," Washington County Jail Sergeant Bellwood directed that plaintiff be released on August 14, 2003. [Affidavit of Robert Thiessen]

12. In November of 1998, Washington County began an EHD program for the first time. The program was administered by defendant BI, Inc. under contract. BI provided all monitoring equipment, provided staff and facilities to monitor that equipment, and provided certain administrative and support services through a local office. [*Id.*]

13. Robert Thiessen, in 1998 a Sergeant in the Washington County Jail, investigated the possibility of such a program, and closely studied the program provided in the Pierce County Jail, Tacoma, Washington, by BI, Inc. Sgt. Thiessen is now the Jail Commander at the Washington County Jail. The Washington County program was modeled on the Pierce County program. [*Id.*]

14. In his research and inquiries in 1998, Cdr. Thiessen learned that BI, Inc. has a solid reputation in corrections throughout the United States, and has a positive history of providing EHD services. Cdr. Thiessen learned that the breath alcohol testing component of the BI, Inc. EHD program has been in use and successfully operated in many programs throughout the county. On the basis of BI's history and reputation, Cdr. Thiessen recommended to his superiors that Washington County engage BI, Inc. to provide an EHD program for Washington County. [*Id.*]

15. Neither Cdr. Thiessen nor Deputies Bailey or Armstrong had ever heard that eating pizza, bread dough, bread, or yeast prior to following the test procedure prescribed by BI, Inc. for its Sobrietor would yield a false positive result indicating the presence of alcohol. Neither

Cdr. Thiessen nor Deputies Bailey or Armstrong had any information which would suggest that a Sobrietor test taken under the procedure prescribed by BI, Inc. would yield anything other than a reliable result. [Affidavits of Robert Thiessen, and Matt Armstrong]

16. On July 30, 2003, on both occasions that plaintiff provided a breath sample as required by the Sobrietor unit, plaintiff has testified that he carefully followed all prescribed procedures for giving a breath sample, including thoroughly rinsing his mouth with water and waiting for the prescribed period with an empty mouth. [Affidavit of William G. Blair, Exhibit 2]

Respectfully submitted September 7, 2004.

OFFICE OF COUNTY COUNSEL

*s/ William G. Blair*
William G. Blair, OSB #69021 – Trial Counsel
Senior Assistant County Counsel
(503) 846-8747
Of Attorneys for Defendant Washington County